IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANDON J. HAYES, AIS # 288446,** : | |
| **Plaintiff,** : | |
| vs. : | CIVIL ACTION 15-101-CG-C |
| **KIM THOMAS,** *et al.*, : | |
| **Defendants.** : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which can be granted. However, within the time period for filing objections to the Report and Recommendation, plaintiff is given an opportunity to file an amended complaint, on the Court's complaint form, which states a claim with respect to these claims.[1]

**I. Complaint. (Doc. 1)**

Plaintiff filed a complaint naming as defendants, Kim Thomas, Commissioner of the Alabama Department of Corrections ("ADOC"); James Reynolds, Warden at Loxley Work Release ("work release"); and Officer Hall, an officer at work release. (Doc. 1 at 5). Plaintiff makes the following allegations against the defendants. He alleges that on July 3, 2014, he was involved in a fight at work release that began when inmate Antonio

---

[1] The Clerk is **DIRECTED** to send plaintiff the Court's complaint form for a § 1983 action when the Report and Recommendation is sent to plaintiff.

Weaver told plaintiff "I'll fuck you," which offended plaintiff as "a man." (*Id.* at 8). They proceeded to the kitchen where inmate Weaver picked up a kitchen knife and approached plaintiff. (*Id.*). When inmate Weaver was close, plaintiff defended himself by punching inmate Weaver in the face. (*Id.*). Inmate Weaver then stabbed plaintiff three times, twice in the head and once in the chest. (*Id.*). Next, defendant Hall arrived and stopped the fight. (*Id.*). Plaintiff was rushed to Thomas Hospital in Fairhope, Alabama, where seven staples were put in his head and five stitches were put in his chest. (*Id.*).

Afterwards, defendant Reynolds reviewed the film of the incident, which clearly showed that inmate Weaver "approached [plaintiff] with a knife that was not bolted down[,]" and told plaintiff that "I would've d[one] the same exact thing if he pulled a knife on me." (*Id.*). Nonetheless, Lieutenant Randall White, without acknowledging that plaintiff had been stabbed, served plaintiff with a disciplinary, which resulted in plaintiff being transferred to Kilby Correctional Facility for reclassification.[2] (*Id.*). Plaintiff told the reclassification officer about the stabbing incident, as she did not have that information. (*Id.* at 9*)*. Nonetheless, he was reclassified to level-four custody and was transferred to Limestone Correctional Facility.[3] (*Id.*). While there, I & I [Investigations and Intelligence Division] asked him whether he wanted to press charges against inmate Weaver. (*Id.*). Plaintiff did not want to press charges because he was afraid of what might happen to him. (*Id.*).

---

[2] Attached to the complaint is a copy of plaintiff's disciplinary proceedings. (Doc. 1 at 11-14). It reflects that plaintiff pled guilty to the charge of fighting without a weapon. (*Id.* at 12).

[3] Information in the Court's file reflects that when the complaint was filed, plaintiff was at Decatur Work Release (Doc. 1 at 1), and when he last contacted the Court, he was at Easterling Correctional Facility. (Doc. 9).

Plaintiff maintains that his life was almost taken and that there is cover-up.  (*Id.*). He asserts that "[t]here was no kitchen officer present at the time of time inc[i]dent." (*Id.*).  In addition, he continues to have nightmares in which he re-lives the incident. (*Id.*).  He wants to be compensated for the "lack of security, emotional distress, mental anguish, physical injuries and punitive damages" in the amount of $1,500,000 from each of the following entities, ADOC,[4] defendant Thomas, defendant Reynolds, and defendant Hall.  (*Id.* at 10).

The above allegations are offered in support of plaintiff's specific claims against each defendant, which are described as follows.  Plaintiff alleges that defendant Thomas "creat[ed] a safety health hazard, by operating inadequately staffed prisons."  (*Id.* at 5). Defendant Reynolds is alleged to be "negligent, creating a safety health hazard, by not having adequate security in the kitchen." (*Id.*).  And defendant Hall "creat[ed] a safety health hazard by not being at his assigned pos[t] at the time of the incident." (*Id.* at 6).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v.*

---

[4] Plaintiff did not list ADOC as a defendant in section III of the complaint form where defendants are to be listed.  *See* Doc. 1 at 1, D ("The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action.").  But plaintiff did include ADOC in the style of the action. (*Id.* at 1).  However, if ADOC had been listed in section III, the claim against ADOC would be subject to dismissal as frivolous.  *See Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978) ("A suit against the State and its Board of Corrections is barred by the Eleventh Amendment"); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) ("The State and its arms, however, are not 'persons' for the purpose of a §1983 action.").

*Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[5]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132

---

[5] *Neitzke's* interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

4

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662 (2009)).  The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951.  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.  Analysis.**

    **A.  Claims Against Defendant Hall.**

In its consideration of plaintiff's claims, the Court finds that the complaint is briefly pled.  In a complaint the defendants are to "be apprised of the conduct that forms the basis of the charges against them."  *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949).  This requires more than "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (internal quotation marks omitted).  However, "when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a facially plausible claim is pled.  *Id.* (emphasis added).  "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim."  *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir.), *cert. denied,* 133 S.Ct. 856 (2013).

With respect to plaintiff's claim against defendant Hall, plaintiff alleges that defendant Hall was not at his assigned post at the time of the incident, which created a security hazard (Doc. 1 at 6), and that there was no kitchen officer present at the time of incident.  (*Id.* at 9).  Defendant Hall is also alleged to have arrived to stop the fight after plaintiff had been stabbed.  (*Id.* at 8).  This is the extent of the allegations directed to

5

defendant Hall. Necessary factual information to plead a legal claim against defendant Hall is not contained in these scant allegations and, therefore, a plausible claim is not alleged against defendant Hall.

The claim that plaintiff is attempting to make is for a violation of his rights under the Eighth Amendment. The Eighth Amendment, which applies to the States through the Fourteenth Amendment, prohibits cruel and unusual punishment. *Miller v. Alabama*, ___ U.S. ___, ___, 132 S.Ct. 2455, 2433, 183 L.Ed.2d 407 (2012). Prison officials are obligated "to protect prisoners from violence inflicted upon them by other prisoners." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). But not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994)). It is only the "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (quoting *Farmer*, 511 U.S. at 828, 114 S.Ct. at 1974).

In order to state a claim under the Eighth Amendment, the plaintiff is required to demonstrate there existed "an objectively substantial risk of serious harm to" him, *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.) ("When officials become aware of a threat to an inmate's health and safety, the eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection."), *cert. denied*, 496 U.S. 928 (1990), or to prisoners in general. *Harrison*, 746 F.3d at 1299 ("confinement in a prison where violence and terror reign is actionable") (internal quotation marks omitted). In addition, "the plaintiff must show that the defendant was deliberately indifferent, which requires the following: '(1) subjective knowledge of a

6

risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.'" *Id.* (quoting *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013)). "Each of these elements must be satisfied in order to prevail on an Eighth Amendment failure to protect claim." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir.), *cert. denied*, 510 U.S. 1164 (1994). The courts consider "[d]eliberate indifference [to] mean that a prison official 'knows of and disregards an excessive risk to inmate health or safety; [that is,] the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (unpublished)[6] (quoting *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979).

In the present action, plaintiff's allegations do not demonstrate that defendant Hall was aware of a substantial risk of serious harm, and disregarded that risk by engaging in conduct that is more than gross negligence. That is, plaintiff's complaint is silent in regard to facts that would support the elements of deliberate indifference. Moreover, plaintiff does not specify what he considers to be the objective substantial risk of serious harm. In light of these factual shortcomings concerning the elements of an Eighth Amendment claim, i.e., a deliberate indifference to an objectively substantial risk of serious harm, the undersigned finds that plaintiff has failed to state a plausible claim against defendant Hall.

**B. Claims Against Defendants Thomas and Reynolds.**

Turning to the claims against defendants Thomas and Reynolds, plaintiff alleges defendant Thomas "creat[ed] a safety health hazard, by operating inadequately staffed

---

[6] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

prisons," and defendant Reynolds was "negligent, creating a safety health hazard, by not having adequate security in the kitchen."[7] (*Id.* at 5). These are conclusory statements for which the Court was not able to find factual support in plaintiff's allegations. Supervisors, such as defendants Thomas and Reynolds, may not be held liable either vicariously or on the theory of *respondeat superior* for a subordinate's acts in a § 1983 action. *Monell v. Department of Social Servs. of New York*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). In this instance, the allegations do not reflect that plaintiff's claims are based on either theory of liability.

Instead, in a § 1983 action, supervisory liability "occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted). A causal connection can be shown

> When a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so[,] . . . . when a supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights[,] or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. . . . The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.

*Id.* (internal quotations marks omitted and second and fourth brackets in original).

Considering the ways in which supervisor liability can be established, the Court can only speculate as to the basis for the causal connection between the supervisors and plaintiff's injury. The basis for the causal connection that is most consistent with the

---

[7] The Court notes in passing that negligent conduct cannot serve as a basis for liability under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) (the "negligent act of an official causing unintended loss of or injury to life, liberty, or property" is simply not implicated under the Constitution).

8

complaint's allegations is a custom or policy, as the complaint is completely devoid of information that would support the other ways for establishing supervisory liability. And, frankly, there is not much information to support a policy or custom. That is, plaintiff's allegations do not describe the prison commissioner, defendant Kim Thomas's, policy or custom that extends to *all* prisons, nor are statistics or a copy of the policy provided. Furthermore, plaintiff's allegations do not describe how the warden, defendant Reynolds, had inadequate security in the kitchen and that this lack of security constituted a custom or a policy. In addition, a custom or policy must constitute a "deliberate indifference to constitutional rights" and must be the *cause* for the deprivation of the plaintiff's constitutional rights. *Cottone*, 326 F.3d at 1358, 1360. In the absence of allegations describing the custom or policy of defendants Thomas and Reynolds and reflecting that the custom or policy constituted a deliberate indifference and caused a deprivation of plaintiff's constitutional rights, the Court concludes that a plausible claim has not been stated against defendants Thomas and Reynolds.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a plausible claim upon which relief can be granted. However, within the time period for filing objections to the Report and Recommendation, plaintiff is provided an opportunity to file an amended complaint, on the Court's complaint form, that states a claim with respect to these claims, which necessarily needs to comply with the pleading directives of *Twombly, supra,* and *Iqbal, supra. See Lee,* 461 F. App'x at 860 (requiring a *pro se* litigant be given one chance to amend a complaint that fails to state a claim before dismissing the complaint, but

recognizing that an amendment will not be allowed if it is futile, that is, subject to being dismissed or to summary judgment).

If plaintiff fails to use the court-provided form, the Court may strike the amended complaint and dismiss this action. The amended complaint will supersede the original complaint; therefore, plaintiff shall not rely on the original complaint. The amended complaint shall be comprised solely of claims arising from the incident in the original complaint and shall contain all of plaintiff's claims from the incident. Plaintiff should read the directions contained on the complaint form and complete the complaint form in its entirety. The amended complaint will be subject to screening pursuant to § 1915(e)(2)(B).

Plaintiff is advised that the statute of limitations for a § 1983 action filed in Alabama is two years. *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917(1992). Considering that the assault occurred on July 3, 2014, if plaintiff were to re-file his claims in a separate action, he would have to do so within two years of the date of the incident to avoid the statute of limitations from barring his action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based

on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this 19th day of February, 2016.

                              s/ WILLIAM E. CASSADY
                              UNITED STATES MAGISTRATE JUDGE